IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendy Johnston,                :
        Petitioner          :
                              :
      v.                    :
                              :
Sealed Air Corporation (Workers'   :
Compensation Appeal Board),     :   No. 284 C.D. 2022
        Respondent      :   Submitted: August 26, 2022


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  December 12, 2022


        Wendy Johnston (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) March 11, 2022 order affirming WC Judge (WCJ) Kelly F. Melcher's (WCJ Melcher) decision that granted Sealed Air Corporation's (Employer) Petition to Modify WC Benefits (Modification Petition).  Claimant presents two issues for this Court's review: (1) whether Claimant's December 3, 2020 Impairment Rating Evaluation (IRE) and modification of her disability benefits based thereon are invalid because Act 111,[1] which

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111).  Act 111 repealed the unconstitutional IRE provision and replaced it with a new IRE provision, Section 306(a.3) of the WC Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of Act 111, 77 P.S. § 511.3, that was virtually identical to the prior IRE provision and effective immediately.  Act 111 specifically incorporated and adopted the use of the American Medical Association's "Guides to the Evaluation of Permanent Impairment," 6th edition (second printing April 2009), for performing IREs.

authorized the IRE, is unconstitutional as applied to injuries that predated Act 111; and (2) whether Claimant's December 3, 2020 IRE is invalid because, at the time Employer requested it, Claimant had not received 104 weeks of total disability benefits since the enactment of Act 111, and any credit against the 104-week period prior to Act 111's effective date is unconstitutional. After review, this Court affirms.

On July 2, 2013, Claimant sustained a work-related injury while employed by Employer. Employer issued a Notice of Compensation Payable acknowledging a lumbar strain/sprain and commenced payment of temporary total disability. On September 13, 2018, WCJ Joseph Hakun approved a Stipulation of Facts expanding the nature of the injuries to include a herniated disc at L5-S1 with compromise of the right S1 nerve root and recurrent herniated disc at L5-S1 requiring an anterior discectomy and fusion with posterior L5-S1 percutaneous screws. On January 1, 2021, Claimant underwent an IRE, provided for in Section 306(a.3) of the WC Act (Act),[2] which resulted in a whole-body impairment rating of 27%. On January 28, 2021, Employer filed the Modification Petition, seeking to modify Claimant's disability status from total to partial based upon the IRE results.

WCJ Melcher held hearings on February 18 and September 14, 2021. On November 1, 2021, WCJ Melcher granted Employer's Modification Petition. Claimant appealed to the Board. On March 11, 2022, the Board affirmed WCJ Melcher's decision. Claimant appealed to this Court.[3]

Initially, Act 111 replaced former Section 306(a.2) of the Act with Section 306(a.3) of the Act, which declares, in pertinent part:

---

[2] Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, was repealed by Act 111, and replaced by Section 306(a.3) of the Act.

[3] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1172 n.3 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021).

(1) **When an employe has received total disability compensation** . . . **for a period of [104] weeks, unless otherwise agreed to**, **the employe shall be required to submit to a medical examination which shall be requested by the insurer within [60] days upon the expiration of the [104] weeks to determine the degree of impairment due to the compensable injury**, **if any**. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [American Medical Association (AMA) 'Guides,'] 6th edition (second printing April 2009).

(2) **If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009)**, **the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits** . . . . **If such determination results in an impairment rating less than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009)**, **the employe shall then receive partial disability benefits** . . . : Provided, however, That no reduction shall be made until [60] days' notice of modification is given.

(3) Unless otherwise adjudicated or agreed to based upon a determination of earning power . . . , the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. An insurer or employe may, at any time prior to or during the [500]-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the [500]-week period of partial disability[:] Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009).

(5) Total disability shall continue until it is adjudicated or agreed . . . that total disability has ceased or the employe's condition improves to an impairment rating that is less

3

than [35%] of the degree of impairment defined under the [AMA 'Guides,'] 6th edition (second printing April 2009).

(6) Upon request of the insurer, the employe shall submit to an [IRE] in accordance with the provisions of [S]ection 314 [of the Act] to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than [2] [IREs] under this clause during a [12]-month period.

(7) In no event shall the total number of weeks of partial disability exceed [500] weeks for any injury or recurrence thereof, regardless of the changes in status in disability that may occur. In no event shall the total number of weeks of total disability exceed [104] weeks for any employe who does not meet a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009), for any injury or recurrence thereof.

77 P.S. § 511.3 (emphasis added).

Section 3 of Act 111 further provides, in relevant part:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [A]ct, **an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph**. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [A]ct.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, **an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph**.

Act 111, § 3(1), (2) (emphasis added).

Claimant first argues that her December 3, 2020 IRE, and any modification of her disability benefits based thereon, are invalid because Act 111,

4

which authorized the IRE, is unconstitutional as applied to injuries which predated Act 111. However, Claimant concedes:

> [Claimant] is mindful of this Court's recent pronouncement in *Pierson v. W[orkers'] C[ompensation] A[ppeal] B[oard] (Consol [Pa]. Coal Co.[] LLC)*, [252 A.3d 1169, 1172 n.3 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021)]. In that decision, [this] Court addressed and rejected the constitutional issues raised in the current Petition for Review. However, [Claimant] argues that *Pierson* was wrongly decided and that the arguments raised in *Pierson*, and by [Claimant] herein, will be accepted by the Pennsylvania Supreme Court.

Claimant Br. at 9. Based on the above, and consistent with this Court's precedent, this Court rejects Claimant's argument.

Claimant also argues that her December 3, 2020 IRE is invalid because, at the time Employer requested it, Claimant had not received 104 weeks of total disability benefits since the enactment of Act 111, and any application of a credit against the 104-week period prior to Act 111's effective date is unconstitutional. However, "[a]gain, [Claimant acknowledges:] [Claimant] is mindful of this Court's decisions in *Pierson* . . . and *Rose Corporation v. W[orkers'] C[ompensation] A[ppeal] B[oard] (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020). [Claimant] argues that those cases were wrongly decided and that the Pennsylvania Supreme Court will reject and overturn those decisions." Claimant Br. at 13-14. Based on the above, and consistent with this Court's precedent, this Court rejects Claimant's argument.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Wallace did not participate in the decision in this case.

5

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Wendy Johnston,                  :
           Petitioner          :
                         :
     v.                     :
                         :
Sealed Air Corporation (Workers'   :
Compensation Appeal Board),    :   No. 284 C.D. 2022
           Respondent      :

<u>O R D E R</u>

AND NOW, this 12th day of December, 2022, the Workers' Compensation Appeal Board's March 11, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge